## COUNTY COURT—GREENE COUNTY,

### April, 1912.

## THE PEOPLE v. ANIELLO MANGANARO.

(76 Misc. 293.)

PROCEDURE—JUDGMENT ON PLEA OF GUILTY—AMENDMENT OR CORRECTION OF
    RECORD.

Where a defendant pleads guilty to an indictment charging him
with keeping a disorderly house in violation of section 1146 of the
Penal Law, the judgment of conviction, sentencing him to pay a fine
and stand committed to the county jail one day for each dollar of the
fine until paid, should be entered in favor of the People of the State
of New York against the defendant.

Where by mistake of the clerk judgment was entered against de-
fendant and in favor of the State Commissioner of Excise, on motion
of the county treasurer it will be corrected.

APPLICATION to correct a judgment in a criminal proceeding
entered in the office of the clerk of the county of Greene on the
24th day of January, 1912.

At the November, 1911, Term of the Supreme Court, an in-
dictment was found by the grand jury, charging the defendant
with a misdemeanor, committed as follows:

" That the said Aniello Manganaro continuously between the
first day of May, 1911, and the date hereof at the hotel con-
ducted by him at Cementon, in the town of Catskill, Greene
County, New York, did knowingly, wilfully, wrongfully, and
unlawfully keep and maintain a house of ill fame and a place
for the practice of prostitution and lewdness and a house of
assignation, open to the public day and night, resorted to by
men and women, and then and there knowingly, wilfully, wrong-
fully and unlawfully kept a lewd, ill-governed and disorderly

house to the encouragement of fornication and other misbehavior, all which was then and there against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity."

The defendant was arraigned upon the indictment and entered a plea of not guilty and the proceeding was thereupon duly transferred to the County Court of Greene county for the trial thereof. At a term of the County Court held December 11, 1911, the defendant withdrew his plea of not guilty and entered a plea of guilty. The court sentenced the defendant to pay a fine of $300 and stand committed to the county jail of Greene county one day for each dollar of the fine until paid. The defendant paid the fine to the county clerk, who immediately paid the same to the county treasurer of Greene county. The county clerk on December 11, 1911, entered in the judgment book in his office the amount of the fine imposed upon the defendant, as a judgment against the defendant, in favor of the state commissioner of excise, and made the following statement upon the record of judgment: "Violation of section 1146 of the Penal Law."

The application is made by the county treasurer of Greene county to correct the judgment, so that the same will be in favor of the People of the State of New York, instead of the state commissioner of excise.

*Howard C. Wilbur,* for Judson A. Betts, county treasurer.

*Alfred D. Van Buren,* for state department of excise.

TALLMADGE, J.:

The defendant was indicted for keeping a disorderly house, and the proceeding was instituted in the name of the People of the State of New York against the defendant. Under the

ordinary practice heretofore followed in criminal proceedings the judgment should have been entered by the county clerk in favor of the People of the State of New York against the defendant, and if the fine imposed was for a violation of section 1146 of the Penal Law, as stated in the judgment, there was no authority for the county clerk to enter the judgment in the name of the state commissioner of excise.

Section 1146 of the Penal Code provides: "*Keeping disorderly houses.* Whoever keeps or maintains a house of ill-fame, or a place for the practice of prostitution or lewdness, or takes as lessee any house, room or other premises for any such purposes, or shall keep a lewd, ill-governed or disorderly house to the encouragement of fornication or other misbehavior shall be guilty of a misdemeanor. When the lessee or keeper of a dwelling house or other building is convicted under this section, the lease or contract for letting the premises shall, at the option of the lessor, become void and the lessor may have the like remedy to recover the possession as against a tenant holding over after the expiration of his term. And whoever as lessor knowingly or with good reason to know, permits any house or room or other part of any premises to be used in whole or in part for any of the uses or purposes herein prohibited shall be guilty of a misdemeanor. Upon conviction of any person for a violation of the provisions of this section, the court before whom such conviction shall have been had, or the clerk of such court if there be a clerk, shall forthwith make and file in the office of the clerk of the county, in which said conviction shall have been had, a certified statement of said conviction and sentence, if any; and the clerk of said county shall immediately enter in the judgment docket book in said office the amount of the penalty or fine imposed, as a judgment against the person so convicted or sentenced."

It is contended on the part of the state commissioner of excise, that authority is found for entering the judgment in the

name of the state commissioner of excise in section 39 of the Liquor Tax Law. That section provides that, " Upon conviction of any person, * * * for keeping a disorderly house, in violation of section 1146 of the Penal Law, or in violation of any municipal ordinance prescribing the same or any similar offense, * * * and upon conviction of any such person for any felony whatsoever, the court or officer before whom such conviction shall have been had, or the clerk of the court if there be a clerk, shall forthwith make and file in the office of the clerk of the county in which such conviction shall have been had a certified statement of such conviction and the sentence, if any, to be reported to the state commissioner of excise by said county clerk, as hereinafter provided in the case of convictions for violations of this chapter."

The reason for the filing of such a certificate in such a case is obvious, as it is provided by subdivision 7 of section 36 that " if the holder of any liquor tax certificate shall be convicted of keeping a disorderly house in violation of section 1146 of the Penal Law * * * said certificate holder shall forfeit any and every liquor tax certificate held by him at the time of such conviction and be deprived of all right and privilege thereunder." This notice is given to the state commissioner of excise so that he may take such action as he may be advised in reference to the revocation of the license of the person convicted.

Section 39 also provides that, " Upon conviction of any person * * * for a violation of the provisions of this chapter, the penalty for which is prescribed in section 27, 28 or 36 hereof, the court or officer before whom such conviction shall have been had, or the clerk of the court if there be a clerk, shall forthwith make and file in the office of the clerk of the county in which such conviction shall have been had a certified statement of such conviction and the sentence, if any; and the clerk of said county shall immediately thereupon enter in the docket book, kept by said clerk for the docketing of judgments in said

office, the amount of the penalty or fine imposed, as a judgment against the person so convicted or sentenced, and in favor of the state commissioner of excise, and said county clerk shall also enter in the docket of said judgment a brief statement setting forth the fact that said judgment is for a fine or penalty imposed for a violation of the ' liquor tax law,' and said county clerk shall. immediately mail or deliver to the state commissioner of excise a duly certified transcript of said judgment."

It cannot be contended that the fine imposed in this case was for a violation of the provisions of the Liquor Tax Law for a penalty imposed under section 27 or 28. Neither can it be contended that it was for a fine imposed under section 36 thereof, or that it was a fine imposed under any of the provisions of the Liquor Tax Law. If it can be construed that subdivision 7 of section 21, or subdivision e of section 30 of the Liquor Tax Law, refers to the keeping of a disorderly house, as defined in section 1146 of the Penal Code, such offense under the Liquor Tax Law is classed as a misdemeanor that can only be prosecuted in a court of special sessions.

Subdivision 5 of section 36 of the Liquor Tax Law provides, that any wilful violation by any person of any provision of this chapter for which no punishment or penalty is otherwise provided shall be a misdemeanor.

Subdivision 2 of section 37 provides, that courts of special sessions shall have exclusive jurisdiction to try and determine according to law all violations of the Liquor Tax Law defined by subdivision 5 of section 36 as misdemeanors.

Therefore, if a proceeding is instituted under the Liquor Tax Law for keeping a disorderly house it is a misdemeanor which should be prosecuted before a court of special sessions. The effect of a violation of section 1146 of the Penal Code is to subject a person to the crime of misdemeanor which may be prosecuted by indictment and also that the lease or contract for letting the premises shall at the option of the lessor become void

and the lessor may have a like remedy to recover the possession as against a tenant holding over at the expiration of his term. Under the Liquor Tax Law if it appears that section 1146 has been violated it also works a revocation of the license. The proceeding, however, under the Liquor Tax Law for a misdemeanor is entirely separate and distinct from a proceeding under section 1146 of the Penal Code. In the one case the proceeding is by indictment before a grand jury for a violation of the provisions of section 1146 of the Penal Code, and in the other the proceeding is in a court of special sessions for the purpose of prosecuting for a violation of he Liquor Tax Law.

Section 35 of the Liquor Tax Law, among other things, provides, " All violations of this chapter committed by any person on the same day shall together constitute but one crime which shall be denominated crime of ' violating the liquor tax law.' " If the additional right is given under the Liquor Tax Law to prosecute for keeping a disorderly house, the proceeding before a court of special sessions should show in some manner that it is instituted for a violation of such law, otherwise there will be nothing to show that it is a proceeding for the punishment of a crime of which such court has exclusive jurisdiction. In a prosecution for keeping a disorderly house, if there is no allegation in the complaint or information showing that it is a crime of violating the Liquor Tax Law, " the justice of the peace after an examination, or waiver of an examination, should hold the defendant to await the action of the grand jury to be prosecuted for a violation of the provisions of section 1146 of the penal law."

If the prosecution is under the Liquor Tax Law and it so appears from the papers, and a fine is imposed for keeping a disorderly house, there will be something then to guide the clerk in entering the judgment in favor of the state commissioner of excise against the defendant, and he would then be warranted in making the statement in the docket of such judgment, that

" said judgment is for a fine or penalty imposed for a violation of the liquor tax law," as provided by section 39 of such law.

I am therefore of the opinion that this proceeding was one for a violation of section 1146 of the Penal Law, and was not a proceeding for a misdemeanor under the Liquor Tax Law. A fine imposed in a criminal proceeding under the former practice has been for the benefit of the people, and in this case would be used for the benefit of the people of the county of Greene, and, unless there is something in the law clearly showing that a change is intended, such fine should not under doubtful construction be given to the state for its benefit. Having reached this conclusion, it follows, that the judgment entered and docketed by the county clerk was entered by him by mistake in favor of the state commissioner of excise, and should have been in favor of the People of the State of New York. The judgment having been entered through mistake and the state commissioner of excise having no interest or right to the fine imposed and the county treasurer having the fine in his hands as the custodian of the county funds had the right to make an application to have the error corrected. The attention of the court having been called to a mistake in its records it is its duty to see that the same is corrected. I am therefore of the opinion that an order should be entered striking out the name of the state commissioner of excise from the judgment referred to and inserting in place thereof " The People of the State of New York," and that the county clerk of Greene county be directed to correct such judgment accordingly.

Ordered accordingly.